IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CANDILYN J. CUNNINGHAM                                    PLAINTIFF

v.                           No. 4:09-cv-950-DPM

LOMA SYSTEMS, a division of
Illinois Tool Works, Inc., successor
in interest to Cintex of America, Inc.                    DEFENDANT

TYSON FOODS, INC.                                        INTERVENOR

ORDER

Cunningham moves for summary judgment on Tyson's claim for reimbursement of the workers' compensation benefits it has paid due to Cunningham's work-related injury. *Document No. 81.* The papers make it clear to the Court that many factual disputes exist about whether Cunningham was made whole under the law when she settled her lawsuit against Loma Systems for $2.5 million. Summary judgment is therefore inappropriate. *Porter v. City of Lake Lotawana,* 651 F.3d 894, 897 (8th Cir. 2011). The Court will hold an evidentiary hearing on the made-whole issue on 18 October 2012 starting at 9:00 a.m. in Courtroom B-155 of the Richard

Sheppard Arnold United States Courthouse. There are, however, a couple of matters the Court can decide as a matter of law before the hearing.

First, with candor, Tyson concedes that there is no Arkansas law supporting its argument that the amount of damages necessary to make Cunningham whole should be reduced by her percentage of contributory negligence. *South Central Arkansas Electric Cooperative v. Buck*, 354 Ark. 11, 117 S.W.3d 591 (2003) does not advance Tyson's argument. The Arkansas Supreme Court simply acknowledged that the Cooperative made the contributory-negligence argument Tyson now makes, but refused to address this argument because the Cooperative had failed to raise it below. 354 Ark. at 21, 117 S.W.3d at 597. In short, Tyson cites no authority — binding, persuasive, or otherwise — for its contributory-negligence argument. The Court concludes that it is inconsistent in principle with the made-whole doctrine. The Court therefore rejects it.

Tyson next argues that the Court should consider the amount of damages Cunningham accepted in her settlement agreement with Loma Systems as conclusive evidence that Cunningham was made whole. Tyson acknowledges that Arkansas law does not support its argument and points

instead to a decision by the Washington Court of Appeals. But there is no need to look across the country when Arkansas cases are directly on point.

For example, in *Southern Farm Bureau Casualty Insurance Company v. Tallant*, 362 Ark. 17, 207 S.W.3d 468 (2005), the Arkansas Supreme Court considered an argument identical to Tyson's. Southern Farm Bureau sought to estop Tallant from arguing that he was not made whole when he settled his claim for less than the wrongdoer's insurance policy limits. 362 Ark. at 25, 207 S.W.3d at 473. The Court squarely rejected that argument. "The decision of whether any party will be unjustly enriched is a decision made by the court, irrespective of assertions made by [the parties]." 362 Ark. at 26, 207 S.W.3d at 473.

Further, the particulars of Cunningham and Loma System's settlement agreement do not determine Tyson's subrogration claim. Insurance companies, through their coverage contracts, "are not free to define the terms and conditions of the equitable remedy of subrogation." *Tallant*, 362 Ark. at 23, 207 S.W.3d at 472. Applying that principle here, Cunningham and Loma System's settlement agreement "does not and cannot define the nature or extent of the remedy subrogation provides[;]" "the insurer takes the remedy

as it is defined by law." 362 Ark. at 23–24, 207 S.W.3d at 472. The predicate, under Arkansas law, to any subrogation claim is that the insured has been made whole. 362 Ark. at 24, 207 S.W.3d at 472. At the upcoming hearing, the Court will decide whether Cunningham has.

The Court sees several factual disputes for resolution.

- The extent of Cunningham's injuries and impairments;

- Her future medical expenses;

- The need for 24-hour care;

- Whether she stopped working because she couldn't or wouldn't; and

- The general uncertainty created by the open workers' compensation claim.

There also remains a mixed question of law and fact: whether unemployment and social security disability payments should factor in and how much they have been and will be.

\* \* \*

Motion, *Document No. 81*, denied. Evidentiary hearing set for 18 October 2012. The parties should list their witnesses (and estimated length of testimony) and exhibits by 1 October 2012.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_2 July 2012_